William Simonton *v.* John Porter and James J. Pennington.

## WILLIAM SIMONTON *v.* JOHN PORTER and JAMES J. PENNINGTON.

CHANCERY COURT. *Local jurisdiction of. Material defendant. What constitutes.* A bill may he filed in any Chancery District in which a material defendant resides. Where a party has an interest in the matter in controversy, or a right which is to be affected by the decree, or is in possession of property claiming some interest—such person is a material defendant, and will give a Court of Chancery local jurisdiction.

Cases cited: 10 Yerg., 175; Code, Sec. 4,311, and sub-Sec. 5.

---

FROM LAWRENCE.

---

Appeal from the Chancery Court. GEO. H. NIXON, Chancellor.

G. T. HUGHES for Simonton.

FRANK MATTHEWS, T. D. DEAVENPORT for Jno. Porter.

McFARLAND, Judge, delivered the opinion of the Court.

This is an attachment bill, in which the complainant alleges that the defendant, Porter, is indebted to him, and is about fraudulently to dispose of his property, to-wit, a tract of land in Lawrence County. The complainant is a resident of Giles County; the defendant, Porter, of Maury County. The original bill was filed ·alone against Porter, and was filed in

the Chancery Court at Lawrenceburg, for the County of Lawrence, in which the land lies. Before the return day of the process, an amended bill was filed, making Jas. J. Pennington, who resides in Lawrence County, a party defendant. This amended bill charges that the tract of land attached was sold to the defendant, Porter, by said Pennington, and conveyed by deed for the consideration of five thousand dollars, in hand paid, as expressed upon the face of the deed, which is dated the 10th February, 1867; but that, notwithstanding the sale, Pennington has still remained in actual occupation of the land, and received the rents and profits; and that he is setting up some sort of claim to said land, as complainant is informed aud believes, but of what character he is not advised. Upon motion, the Chancellor dismissed the bill, upon the ground that the Chancery Court at Lawrenceburg had no local jurisdiction; that it did not sufficiently appear that Pennington was a material defendant. The local jurisdiction of the Court of Chancery is subject to the following rules: 1st. The bill may be filed in the Chancery District in which the defendant or a material defendant resides. Code, 4,311. There is no special provision in regard to attachment bills, except where the attachment of the property is allowed in lieu of personal service of process, in which case the bill may be filed in the county or district in which any material part of the property is found at the commencement of the suit. Sub. Sec. 5. In this case the attachment is not used in lieu of personal

William Simonton *v.* John Porter and James J. Pennington.

service of process. A subpœna to answer having been served, and therefore this provision does not apply. The question is, does it appear that Pennington is a material party; the bill and amended bill must be taken together. Upon this motion they must be taken as true. What constitutes a material defendant? It is an interest in the matters in controversy—a right which is to be affected by the decree. *Freeman* v. *Jackson,* 10 Yer., 175. It is charged that Pennington is in possession of the land—setting up claim to it. The complainant is seeking to have satisfaction of his debt out of Porter's interest in the land. If Pennington has a claim upon the land, and is in possession, then he has an interest in the property to be affected by the decree. It is proper to settle conflicting claims in the same suit, when it can properly be done. A creditor, seeking to reach the property of his debtor, held and claimed by third parties, has the right in equity to make such parties defendants, to the end that this claim, or lien, upon the property may be adjusted; and the purchaser, in case it be sold, shall get a valid title and be placed in possession. It is true, the nature of Pennington's claim is not stated, as the complainant states he is not informed in regard to it. He may be properly called upon to see this in this answer. We think, upon the facts stated, the Chancellor erred.

The decree is overruled, and the case remanded for further proceedings. The costs of this Court will be paid by the defendants.